[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 111)
Before the court is the defendants' Motion to Dismiss of November 18, 1999. On October 20, 1999, the plaintiffs Patricia Moore,[1] Carol Tartagni, and Lectron Labs, Inc. filed the amended complaint in the present action. Moore and Tartagni are residents of Connecticut and officers and shareholders of Lectron Labs, Inc., a closely held corporation located in Enfield, Connecticut. The original defendant, Charles Snyder, is also an officer and shareholder of the corporation and had an employment relationship with the plaintiffs. Charles Snyder has not contested the court's jurisdiction. For purposes of this motion to dismiss, the applicable defendants are Michael Snyder, Donald Snyder, Bettina Snyder, and CS Industries, LLC. The amended complaint alleges that Charles Snyder conspired with the other individual defendants to deprive the plaintiffs of their tangible and intangible property, customers, business relationships and expectations. In addition, in the third count, the amended complaint avers that such, actions were undertaken on behalf of the defendant, CS Industries, LLC. Michael Snyder, Donald Snyder, and Bettina Snyder are residents of Massachusetts while CS Industries, LLC, is a foreign company with its principal place of business in Palmer, Massachusetts.[2] The allegations in the amended complaint specifically allude to the defendants taking a valuable machine that was an integral part of the plaintiffs' business, CT Page 6024 the payment of excess salary and benefits to Snyder's employee relatives (named defendants Michael and Donald Snyder) without consent, authority or approval of the plaintiffs, and engaging in other corporate expenditures without the plaintiffs' approval. The plaintiffs claim that the defendants took the critical machine to Massachusetts, in a concerted effort, for the purpose of putting the plaintiffs out of business. Additionally, the plaintiffs allege that the individual defendants breached their fiduciary duty to the shareholders as well as the plaintiff corporation. The complaint further alleges that the defendants made fraudulent misrepresentations during the course of the above misconduct and engaged in unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b, et seq. According to the plaintiffs' memorandum, these acts allegedly took place in Connecticut arising out of Charles Snyder's relationship to the corporate and individual plaintiffs. On November 19, 1999, the defendants filed this motion to dismiss on the ground that this court lacks personal jurisdiction. The defendants have submitted a memorandum in support of the motion, and on December 3, 1999, the plaintiff submitted a timely memorandum in opposition thereto.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "A motion to dismiss admits all facts well pleaded." Lewis v. Swan,49 Conn. App. 669, 674, 716 A.2d 127 (1998). "It is well established that [i]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,410-11, 722 A.2d 271 (1999).
The defendants contend that the court does not have personal jurisdiction over them because their residence and principal place of business are in Massachusetts. The defendants make a bare assertion that they do not fall under the long-arm statute. The plaintiffs respond by arguing that the alleged conduct had sufficient connections with the state of Connecticut. In particular, the plaintiffs maintain that the defendants' conduct constituted both transactions of business within the state and tortious acts within the state.[3] Connecticut's long-arm statutes are found in General Statutes §§ 52-59b (a)[4] and 33-929
(f).[5] "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendants] If the CT Page 6025 statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendants] would violate constitutional principles of due process." (Internal quotation marks omitted.) Knipple v. Viking Communications, 236 Conn. 602, 606,674 A.2d 426 (1996). "The plaintiff bears the burden of establishing facts pertaining to personal jurisdiction." Gaudio v. Gaudio,23 Conn. App. 287, 298, 580 A.2d 1212 (1990).
For the purposes of establishing jurisdiction under General Statutes § 52-59b (a)(2), "[r]egardless of where the harm is suffered, the tort must be committed in Connecticut, and the defendant must bephysically present within the state at the time of commission." (Emphasis in original; internal quotation marks omitted.) Abrams v.Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (November 21, 1997, Skolnick, J.). "[T]he scope of the inquiry is limited to where the acts were committed and not whether they were tortious. This does not become the type of case where the question of jurisdiction is dependent on a decision of the merits." (Internal quotation marks omitted.) Gamlestaden PLC v.Lindholm, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130058 (February 28, 1996, Karazin, J.). "In meeting this burden of proof, the plaintiff is not required to prove the defendant's liability, but only the commission of acts in relation to the state which justify the court's exercise of jurisdiction." (Citations omitted.) Center Capital Corp. v. Hall, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 452084 (June 9, 1993, Dorsey, S.T.R.) (8 C.S.C.R. 793).
Furthermore, allegations similar to those of the plaintiffs in the present case have satisfied the burden of establishing personal jurisdiction over a foreign corporation. For example, in Gelinas v.Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387830 (October 25, 1991, Wagner, J.) (6 C.S.C.R. 1039), the plaintiff relied on General Statutes §§ 52-59b (a)(2) and 33-411c (4) [now § 33-929 (f)(4)] to authorize personal jurisdiction over the nonresident individual defendant and the corporation for which he worked. The court denied the motion to dismiss for lack of personal jurisdiction because the plaintiff alleged that the tortious acts of one of the defendants were also made on behalf of theother defendant corporation subjecting the corporation to suit under General Statutes § 33-411 (c)(4). See Gelinas v. Smith, supra,6 C.S.C.R. 1040.
With regard to the due process step of the analysis, the court must determine whether a nonresident defendant has certain "minimum contacts with [the forum] such that the maintenance of the suit does not offend CT Page 6026 `traditional notions of fair play and substantial justice.'" Thomason v.Chemical Bank, 234 Conn. 281, 287, 661 A.2d 595 (1995). "The twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness," United States Trust Co. v. Bogart,197 Conn. 34, 41, 495 A.2d 1034 (1985). In determining foreseeability, "it is the totality of the defendant's conduct and connection with this state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Framer v. McGowan, 198 Conn. 243, 249, 502 A.2d 905 (1986). Fairness prohibits jurisdiction from being asserted "in such a way as to make litigation so gravely difficult and inconvenient that a party unfairly is at severe disadvantage in comparison to his opponent." (Internal quotation marks omitted.) United States Trust Co. v. Bogart, supra, 197 Conn. 42. "A single act having impact in and connection with the forum state can satisfy the minimum contacts test." Whitney v.Caplin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319190 (November 6, 1997, Stodolink, J.).
"Either specific jurisdiction or general jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. A state court will have specific jurisdiction over a nonresident defendant whenever the defendant has purposely directed [its] activities at residents of the forum . . . and the litigation [has resulted] from alleged injuries that arise out of or relate to those activities . . . . Alternatively, [e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction if the defendant has had continuous and systematic general business contacts with the state." (Citations omitted; internal quotation marks omitted.)Thomason v. Chemical Bank, supra, 234 Conn. 287-38.
Here, the plaintiffs have met their burden of establishing the defendants' minimum contacts with the state of Connecticut. See Gaudio v.Gaudio, supra, 23 Conn. App. 298. The complaint alleges that Michael and Donald Snyder performed work for the plaintiffs in Connecticut, as employees, and performed tortious acts including conspiring against the plaintiffs for the wrongful conversion of corporate property. Moreover, the complaint alleges that Bettina Snyder and CS Industries, LLC assisted and conspired with the other defendants to commit these torts. See Maroun v. Tarro, 35 Conn. App. 391, 396, 646 A.2d 251 (1994) ("Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another, to the exclusion of the owner's rights."). Conspiring[6] to take and actually converting the machine from Connecticut, making misrepresentations, and the breaching of fiduciary duties, are all, if CT Page 6027 proven to be true, individually sufficient tortious acts that, according to the plaintiffs' memorandum, took place within the state. At the very least, by construing facts necessarily implied from the allegations in favor of the pleader, the conversion of the machine took place within Connecticut's borders, thereby rendering at least one of the conspiring defendants physically present within the state at the time of the tortious conduct.[7] Also, the plaintiffs' claim of fraudulent misrepresentations, as alleged, satisfies the burden of being labeled a "tortious act within the state." See Abrams v. Riding High Dude Ranch, supra, Superior Court, Docket No. 345046. Moreover, the allegations of unauthorized amounts of overtime and benefits extended to Charles Snyder's sons, who were employees for the plaintiffs while in Connecticut, are tortious acts that occurred well within the state, and thus, within reach of the long-arm statute. See General Statutes §52-59b (a)(2). The plaintiffs contend in their memorandum that the tortious acts were committed at the plaintiffs' place of business in Enfield, Connecticut. Consequently, the defendants could have reasonably foreseen that their actions, if proven to be true, would require them to appear in a Connecticut court. See Framer v. McGowan, supra, 198 Conn. 249. The defendants have not asserted that a Connecticut forum would create a disadvantage or an inconvenience for them to proceed in litigating this case. See United States Trust Co. v. Bogart, supra, 197 Conn. 42. It is also readily apparent from the allegations of the amended complaint that the defendants' conduct was purposefully directed towards the plaintiffs, who are residents of Connecticut, and this litigation arises directly out of that conduct. See Thomason v. Chemical Bank, supra,234 Conn. 287-88. Therefore, construing the allegations in a manner most favorable to the pleader, the long-arm statute, General Statutes § 52-59b (a)(2), applies to the individual defendants' alleged conduct in the present case. In addition, this court has personal jurisdiction over the foreign corporate defendant, CS Industries, LLC, since the plaintiffs have alleged that the tortious conduct within the state was carried out on behalf of CS Industries, LLC. See Gelinasv. Smith, supra, 6 C.S.C.R. 1039. Finally, as previously stated, the constitutional concerns of "fair play and substantial justice" are not offended. See Thomason v. Chemical Bank, supra, 234 Conn. 287. Therefore, this court has personal jurisdiction over the defendants.
Accordingly, the defendants' motion to dismiss for lack of personal jurisdiction as to the nonresident individual defendants Michael, Donald, and Bettina Snyder, and the foreign corporate defendant, CS Industries, LLC, is denied.
SKOLNICK, J.